

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00193-CR

GROVER ALLEN GLATFELTER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 28056

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Grover Allen Glatfelter appeals his conviction for aggravated assault with a deadly weapon.[1] Glatfelter threatened a City of Paris employee with imminent bodily injury, wielding a water meter tool[2] and throwing it at the employee. Because we find that Glatfelter's trial objection does not comport with his appellate argument, his point of error was not preserved. Accordingly, we overrule Glatfelter's sole point of error and affirm the trial court's judgment.

## I.      Background and Events at Trial

For some time prior to the events leading to his conviction, Glatfelter had been involved in some degree of dispute, often heated, with the Paris City Manager's Office. During that time, Glatfelter asked the City of Paris to disconnect his water because he claimed it contained dirt and other contaminants. On or around August 30, 2018, Glatfelter had a heated argument with the City Manager at the Paris City Hall. Later that day, a city inspector, Mark Shew, was travelling near Glatfelter's house in his city vehicle. Shew saw the top of a water meter box lying in the street and stopped his truck. He then activated the flashing taillights and headlights and started to exit his vehicle.

At that point, Shew saw Glatfelter approaching with the tool in his hands. According to Shew, Glatfelter "kind of reared back to throw" the tool. When Glatfelter released the tool, Shew "started to roll forward" in his truck. The tool struck a tree branch and fell in the street. In his

---

[1]*See* TEX. PENAL CODE ANN. § 22.02(a)(1).

[2]This instrument was alternately referred to as a meter box key or a cut off key, a water cut-off or shut-off tool, or a water meter key. One witness described it as twenty-nine and one-half inches long; the horizontal top or handle was twelve inches wide and weighed three pounds and ten ounces. The tool was made so it could reach into a water meter box, below ground level, to turn water lines on or off. We will simply refer to the device as the tool.

mirror, Shew could see Glatfelter pick up the tool and swing it. Shew could see Glatfelter's mouth moving but could not hear what he said. However, when he saw Glatfelter act as if he was going to throw the tool again, Shew "took off" and left the scene. Lieutenant Doug Murphy of the Paris Police Department testified that if thrown, the tool could "[a]bsolutely" have caused death or serious bodily injury. *Cf.* TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (Supp.).

At trial, the State offered the tool that it had recovered from Glatfelter's vehicle—which was labeled State's exhibit six—into evidence. Glatfelter objected on the basis that exhibit six had not been provided to him in discovery. He argued that the State had provided him a photo of a different tool that had red handles.

The State explained that the photograph Glatfelter referred to had been provided to the defense along with the investigating police officer's initial report as an example of the tool in question because it was a special tool with which most people are unfamiliar. The State then produced an "audit trail" to the trial court that included several notations demonstrating that additional discovery items had been emailed to or downloaded by the defense attorney and his legal assistant prior to trial. The State argued that these additional emailed or downloaded discovery items included a photo of State's exhibit six. Defense counsel responded, "I may have it, Judge. I may not be smart enough to open it."

## II.    Trial Objection Does Not Comport with Appellate Point

In his brief, Glatfelter claims that he was surprised by the difference between the photographs he was provided in discovery and the actual tool provided at trial. He also argues that the State willfully withheld some piece of discovery, apparently the actual tool. However, to the

3

trial court, Glatfelter only complained that the photo he was supplied in discovery was not the "best evidence" of the tool the State alleged Glatfelter used in assaulting Shew. Therefore, Glatfelter's objections to the trial court and his point of error to this Court are not the same.

A "point of error on appeal must comport with the objection made at trial." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *see Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005). Because Glatfelter's appellate argument differs from his argument to the trial court, he has not preserved this matter for our review. Consequently, we overrule his point of error and affirm the trial court's judgment and sentence.

Ralph K. Burgess
Justice

Date Submitted:    April 7, 2020
Date Decided:    April 30, 2020

Do Not Publish